# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| OPULENT TREASURES, INC., § § *Plaintiff*, § v. § § LAMPS PLUS, INC., LAMPS PLUS- § CENTENNIAL, INC., LAMPS PLUS § HOLDINGS, INC., UNIVERSAL § DISTRIBUTING, LLC AND PACIFIC § COAST LIGHTING, INC., AND DOES 1 § THROUGH 10, § § *Defendants*. § | Civil Action No. 4:21-CV-00878 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lamps Plus, Inc.'s Motion to Transfer (Dkt. #17). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED.**

### BACKGROUND

This case is related to the alleged infringement of Plaintiff Opulent Treasures, Inc.'s ("Opulent") trademarks for its cake stands and other home décor items, including its dessert table, tiered dessert stand, and candelabra (the "Accused Products"). On November 3, 2021, Opulent filed its complaint against Defendants, alleging that Defendants' marketing, distribution, and sale of the Accused Products infringe, dilute, and misappropriate Opulent's trademark and trade dress rights under the Lanham Act, the Texas Business and Commerce Code, and common law (Dkt. #1).[1]

---

[1] In addition to the defendants identified in this Order, Opulent also sued "DOES 1 through 10." At the time of filing its Complaint, Opulent did not know the true names and capacities of these defendants, and stated its intent to amend its Complaint once that information is ascertained. As of the date of this Order, Opulent has not filed an amended complaint or otherwise clarified the identities of "DOES 1 through 10."

Opulent is a corporation incorporated in California and maintains its principal place of business in El Segundo, California, which is located within the Central District of California. Defendants Lamps Plus, Inc. ("Lamps Plus"), Lamps Plus-Centennial, Inc., Lamps Plus Holdings, Inc., and Pacific Coast Lighting, Inc. are all corporations incorporated in California and maintain their principal places of business in Chatsworth, California, which is also located within the Central District of California. Defendant Universal Distributing, LLC is a California limited liability company with its principal place of business also in Chatsworth, California.[2]

On January 7, 2022, Lamps Plus filed the present motion, requesting that the case be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). On January 21, 2022, Opulent filed its response (Dkt. #21). On January 28, 2022, Lamps Plus filed its reply (Dkt. #23), to which Opulent filed a sur-reply on February 7, 2022 (Dkt. #26).

## LEGAL STANDARD

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . . '" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

---

[2] No facts were alleged as to the citizenship of Universal Distributing, LLC's members or managers. However, neither party disputes that Universal Distributing, LLC resides in the Central District of California for the purpose of determining venue. Thus, solely for the purpose of this motion, the Court will consider Universal Distributing, LLC to reside in the Central District of California.

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having localized issues decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or applying the foreign law. *Id.* The court also gives some weight to the plaintiff's choice of forum. *Atl. Marine*, 571 U.S. at 62, n.6.

## ANALYSIS

Lamps Plus requests the Court transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). Opulent opposes the transfer. The Court finds transfer appropriate in this case.

As a preliminary matter, Lamps Plus asserts—and Opulent does not contest—that this case could have originally been filed in the Central District of California. Specifically, Lamps Plus alleges that the Central District of California is the proper venue for this case because a trademark owner may file an infringement action in "a judicial district in which any defendant resides, if all

defendants are residents of the State in which the district is located" (Dkt. #17, at p. 9 (citing 28 U.S.C. § 1391(b))). Lamps Plus thus concludes that venue is proper in the Central District of California because all of the Defendants reside in California, and Lamps Plus resides within the Central District of California. Thus, the Court finds the threshold inquiry is satisfied. Accordingly, the Court turns to analyzing the private and public interest factors to determine whether Lamps Plus has met its burden of showing that the Central District of California is clearly more convenient than the Eastern District of Texas in this case.

**I.    Private Interest Factors**

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Volkswagen II*, 545 F.3d at 315. The Court will consider each factor, in turn.

**A.  The Relative Ease of Access to Sources of Proof**

Lamps Plus argues that this factor weighs strongly in favor of transfer because Opulent and all Defendants are California entities with their principal places of business in the Central District of California. Accordingly, Lamps Plus asserts that all relevant physical evidence is located in the Central District of California where the employees with knowledge of the Accused Products work and where its documents are stored and maintained at its headquarters. By declaration, these documents include "records related to research, development, design, testing, marketing, and sales of Lamps Plus, Inc's products," as well as "product labels and marketing materials" (Dkt. #17 Exhibit 1 at ¶ 7; Dkt. #24 at p. 3).

Opulent responds that this factor weighs against transfer because Lamps Plus fails to identify with specificity what documents or sources of proof are in the Central District of California. Further, even assuming Lamps Plus stores its documents at its headquarters, Opulent

claims that Lamps Plus has not described any hardship it would incur if required to produce this evidence in Sherman. More specifically, Opulent claims that Lamps Plus could produce representations of the Accused Products in digital form, which would significantly reduce any potential hardship (Dkt. #26 at p. 4).

The Court finds Lamps Plus's arguments regarding the relative ease of access to sources of proof more persuasive. The Court notes that both Opulent and Lamps Plus have offices only in the Central District of California and therefore no documents kept at places of business within the Eastern District of Texas. While Lamps Plus only categorically identified documents located in the Central District of California, Opulent did not rebut Lamps Plus's showing that relevant documents are primarily in the Central District of California. Further, even if such documents were electronic and could be easily accessed in the Eastern District of Texas, this Court has recognized that "under current precedent, such realities do not prevent this factor from weighing in [Lamps Plus's] favor." *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-CV-338, 2021 WL 4034515, at *2 (E.D. Tex. Sept. 3, 2021) (citing *Volkswagen II*, 545 F.3d at 316; *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009)). Accordingly, the Court finds this factor weighs in favor of transfer.

### B.  The Availability of Compulsory Process

Lamps Plus argues that this factor favors transfer. In support, Lamps Plus identifies five former employees as non-party witnesses who were each "prior accessory buyers for Lamps Plus, Inc. and are believed to have information about accused product sales" (Dkt. #27 at p. 3). Lamps Plus also argues that the Central District of California is more convenient for Opulent's potential witnesses. Lamps Plus contends that all of these witnesses are most likely to be found in the Central District of California and would otherwise be outside the subpoena power of this Court. In response, Opulent argues that Lamps Plus did not specifically identify what information these witnesses may have, and any belief that these witnesses would be unwilling to appear for trial in

the Eastern District of Texas is speculative (Dkt. #21 at p. 7).

The Court finds that this factor favors transfer. First, "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.3 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-CV-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Accordingly, the Court considers the non-party individuals identified by Lamps Plus as unwilling witnesses unlikely, barring compulsion, to travel from the Central District of California to the Eastern District of Texas to assist the parties at trial. Given the witnesses' location, the Central District of California has subpoena power over them. *See* FED. R. CIV. P. 45(c)(1)(B) (permitting a court to compel attendance "within the state where the person resides"). And "[t]he fact that the transferee venue is a venue with useable subpoena power . . . weighs in favor of transfer, and not only slightly." *Diece-Lisa Indus., Inc. v. Disney Store USA, L.L.C.*, No. 212-CV-00400, 2020 WL 1332881, at *8 (E.D. Tex. Mar. 23, 2020) (quoting *In re Genentech*, 556 F.3d at 1345). Thus, this factor weighs in favor of transfer.

### C. The Cost of Attendance for Willing Witnesses

Lamps Plus argues that this factor weighs strongly in favor of transfer. By declaration, Lamps Plus identifies four current employees and generally identifies the relevant information each employee is expected to possess (Dkt. #17, Exhibit 1 at ¶¶ 12–14). Lamps Plus asserts that these employees as well as other willing non-party witnesses live in the Central District of California and thus would have to travel over 1400 miles to reach Sherman, Texas (Dkt. #17 at p. 11). Opulent responds that this factor primarily concerns non-party witnesses, and thus arguments that Lamps Plus's employees would be inconvenienced should not be considered (Dkt. #21 at p. 7).

Opulent is correct that this Court has recognized that the convenience of the movant's

6

employees and party witnesses is given little weight. *See Scrum Alliance, Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 1845154, at *7 (E.D. Tex. May 7, 2021). However, this does not mean that the convenience of party witnesses is given no weight. Here, other than generalized statements, neither party identified any willing non-party witnesses. Lamps Plus has provided a list of party witnesses it predicts may be called at trial, has shown that all of these witnesses live in the Central District of California, and has identified the general information each witness is expected to possess (Dkt. #17, Exhibit 1 at ¶¶ 12–14). Further, both Opulent and all Defendants are located and operate in the Central District of California. Thus, the Court finds that all party witnesses are likely located in the Central District of California. "[A] substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, . . . this factor [weighs] substantially in favor of transfer." *In re Genentech*, 566 F.3d at 1347. Accordingly, the Court finds this factor weighs in favor of transfer.

### D. All Other Practical Problems

Neither party addresses this factor. Accordingly, the Court finds it to be neutral. *See Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1002 (E.D. Tex. 2009).

## II. Public Interest Factors

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See Volkswagen II*, 545 F.3d at 315. The Court will consider each factor, in turn.

### A. The Administrative Difficulties Flowing from Court Congestion

Opulent argues this factor weighs against transfer because the Central District of California suspended jury trials for thirteen months during the height of the pandemic and that a trial in this

7

case will only occur there after the thirteen-month backlog is cleared (Dkt. #21 at pp. 10–11). Lamps Plus contends that this factor is neutral (Dkt. #17 at p. 13 n.3). Lamps Plus further asserts that Opulent's arguments of court congestion are speculative. Lamps Plus seems to acknowledge that the time to trial is faster in the Eastern District of Texas—although it also contends that there is no appreciable difference between the venues (Dkt. #21 at p. 4).

When "[t]here is no dispute that this District's time to trial is shorter than the [transferee district's] time to trial . . . this factor weighs against transfer." *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123, 2019 WL 6345191, at *6 (E.D. Tex. Nov. 27, 2019). For this reason, the Court finds this factor weighs against transfer. However, when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347. Thus, while the Court is persuaded that this case would proceed to trial quicker in this District and this factor ultimately disfavors transfer, the Court recognizes that this factor is "the most speculative of the factors" and "should not alone outweigh th[e] other factors" when they are neutral. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) (citations omitted).

### B. The Local Interest in Having Localized Interests Decided at Home

Lamps Plus argues that this factor weighs strongly in favor of transfer because every Defendant in this case as well as Opulent are all headquartered in the Central District of California (Dkt. #17 at p. 13). Lamps Plus contends its employees and any relevant research and evidence of design decisions would be located at its headquarters, and that its headquarters have been in the Central District of California since 1976. Lamps Plus further argues that the Eastern District of Texas has no particularized interest in this case because the people of the Eastern District have no relation to this litigation.

Opulent responds that this factor weighs against transfer because Lamps Plus does not deny

that it maintains two physical stores in the Eastern District of Texas, or that infringing sales were made in this District (Dkt. #21 at p. 8; Dkt. #26 at p. 4). Opulent thus asserts that "[a]t most, 'local interest' is a neutral factor" (Dkt. #21 at p. 9). Lamps Plus responds that because the Accused Products are purchasable from anywhere in the country, their use nationwide does "not give rise to a substantial interest in any single venue" (Dkt. #17 at p. 13 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010))).

First, the Court agrees that nationwide sales "do[] not give rise to a substantial interest in any single venue." *In re Acer Am. Corp.*, 626 F.3d at 125; *see also Calypso Wireless, Inc. v. T-Mobile USA, Inc.*, No. 2:08-CV-441, 2010 WL 11469012, at *4 (E.D. Tex. Mar. 31, 2010). Further, "[t]here is little doubt that [a] District has a local interest in the disposition of any case involving a resident corporate party." *SEVEN Networks, LLC v. Google LLC*, No. 2:17-CV-442, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018). While Opulent has alleged that Lamps Plus operates two physical stores in the Eastern District of Texas, the Court finds it significant that all of the parties involved in this case are California entities with their principal places of business in the Central District of California. Thus, while the Eastern District of Texas may have some interest in this case, the Court agrees with Lamps Plus that the Central District of California has a particular interest in deciding these local parties' disputes. Accordingly, the Court finds this factor weighs slightly in favor of transfer.

**C. The Familiarity of the Forum with the Law that will Govern the Case**

Opulent argues that this factor weighs against transfer because Opulent asserts five causes of action under Texas state law that this Court is better suited to adjudicate (Dkt. #21 at p. 9). Lamps Plus contends that this factor is neutral (Dkt. #17 at p. 14 n.3). Lamps Plus further responds that Opulent's state law claims "will be analyzed under federal law" because "a trademark infringement and unfair competition action under Texas common law presents essentially 'no

difference in issues than those under federal trademark infringement actions'" (Dkt. No. 23 at p. 5 (citing *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App.—Austin 2001, pet. denied))). Further, Lamps Plus asserts that "to the extent [Opulent] intends to argue that its state claims extend protections beyond those afforded by the federal trademark and dress laws, those claims are likely preempted by federal law" (Dkt. #21 at p. 5).

This Court has previously noted that "the need to apply a particular state's law may weigh in favor of or against transfer" and that its "familiarity with Texas law" could accordingly tilt this factor against transfer in certain cases. *See Calypso Wireless, Inc.*, 2010 WL 11469012, at *5. However, this Court has also found this factor neutral in a trademark case similar to the instant case—noting that where "Plaintiff asserts two federal causes of action under the Lanham Act and a third cause of action for unfair competition under Texas common law, . . . 'the Eastern District of Texas and the Central District of California are . . . equally familiar with and capable of applying the governing law.'" *Diece-Lisa Indus., Inc*., 2020 WL 1332881, at *10. The majority of Opulent's causes of action either arise under federal trademark law or heavily overlap with federal law and thus do not favor one federal forum over another. *See id*. In addition to these claims, however, Opulent also asserts a claim of trademark dilution under § 16.103 of the Texas Business and Commerce Code (*see* Dkt. #1 at p. 25). Lamps Plus has not shown that such a claim is similar to federal law, nor rebutted Opulent's assertion that this Court's familiarity with Texas law places it in a better position to adjudicate this claim than the federal court of a sister state. Accordingly, the Court finds that this factor weighs against transfer, but only slightly.

### D.  The Avoidance of Unnecessary Problems of Conflict of Laws

Lamps Plus asserts that this factor is neutral (Dkt. #17 at p. 14 n.3). Opulent does not address this factor. The Court finds, therefore, that this factor is neutral as neither party has

identified any potential issues that could arise regarding conflicts of law. Opulent brings claims under the Lanham Act which will not be subject to conflict of law issues regardless of the federal forum that adjudicates them. Additionally, there is no assertion that the transferee court will decline to apply Texas law to the Texas state law claims. Given the scarcity of briefing and lack of any issues identified regarding the application of foreign law, the Court declines to weigh this factor either in favor of or against transfer.

### III.     Transfer is Appropriate in this Case

After an analysis of the private and public factors, the Court finds that (1) the relative ease of access to sources of proof factor favors transfer; (2) the availability of compulsory process factor favors transfer; (3) the cost of attendance for willing witnesses factor favors transfer; (4) the other practical problems factors is neutral; (5) the administrative difficulties factor slightly weighs against transfer; (6) the localized interest factor slightly favors transfer; (7) the familiarity with governing law factor slightly weighs against transfer; and (8) the conflict of law factor is neutral. On balance, the Court finds that Lamps Plus has satisfied its burden of proving transfer would be "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.  Accordingly, because Lamps Plus has demonstrated that the Central District of California is clearly a more convenient venue than the Eastern District of Texas, transfer is appropriate pursuant to 28 U.S.C. § 1404(a).

### CONCLUSION

It is therefore **ORDERED** that Defendant Lamps Plus, Inc.'s Motion to Transfer (Dkt. #17) is **GRANTED**.

It is further **ORDERED** that this case is **TRANSFERRED** to the Central District of California.

**IT IS SO ORDERED.**

**SIGNED this 16th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE